IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br><br>             Plaintiff,<br><br>v.<br><br>STELLAR MANAGEMENT GROUP, INC.,<br>d/b/a QSI<br><br>             Defendant. | CIVIL ACTION NO.<br>5:13-CV-87<br><br>JURY TRIAL DEMAND |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Ms. Lakeasha Johnson ("Ms. Johnson"), who was adversely affected by such practices. The Commission alleges that Defendant terminated Ms. Johnson from her position as a Sanitation Supervisor because of her sex, female, in violation of Title VII.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to

Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Georgia, Macon Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Stellar Management Group, Inc. d/b/a QSI ("QSI") has continuously been doing business in the State of Georgia and the City of Perry and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

2

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Ms. Johnson filed her charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least December, 2010, Defendant has engaged in unlawful employment practices at its Perry, Georgia, client facility in violation of Sections 703(a) and (m) of Title VII, 42 U.S.C. §§ 2000e-2(a) and (m), by terminating Ms. Johnson in whole or in part because of her sex, female, in violation of Title VII.

8. On or about June 21, 2010, Defendant hired Ms. Johnson as a Chemical Room Attendant. In December 2010, Ms. Johnson was promoted to Sanitation Supervisor. Ms. Johnson's cleaning team was assigned to clean at the Perdue Chicken Plant, one of Defendant's client work sites. Ms. Johnson was QSI's only female sanitation supervisor.

9. On October 26, 2011, while away from the work site, Ms. Johnson was pulled over by a police officer and was arrested due to an outstanding traffic ticket that she received in 2004.

10. While in jail, Ms. Johnson called Defendant's Human Resources Specialist as well as the Plant Manager each day to inform them of her

3

whereabouts. At the same time, Ms. Johnson also requested leave from the Plant Manager to cover her absence from work.

11. On October 28, 2011, Ms. Johnson called to verify that her request for leave had been approved. The Plant Manager assured her that her leave was approved.

12. However, on November 3, 2011, when Ms. Johnson called the Plant Manager to confirm her return to work, the Plant Manager informed Ms. Johnson that she was terminated because she missed three days of work and was a "no call, no show."

13. Immediately after Ms. Johnson was terminated, she was replaced by a male sanitation supervisor.

14. Ms. Johnson was subjected to disparate treatment based on sex because male supervisors and employees were frequently allowed to remain employed after being arrested and failing to inform Defendant of their whereabouts.

15. Ms. Johnson was subjected to disparate treatment based on sex because male supervisors and employees were also discharged for violating the company's attendance policy, but were hired back by Defendant soon thereafter.

16. Defendant's Area Manager, who had input into Ms. Johnson's

4

termination, often made derogatory comments about women being in the workplace, stating that women were lazy and were a distraction.

17. The Area Manager also stated in the presence of other Defendant managers that he wanted to "get rid of" Ms. Johnson because she was a woman who did not belong in a supervisor's position. The termination of Ms. Johnson was based on her sex, female.

18. Ms. Johnson's sex, female, was at minimum an unlawful motivating factor in the Defendant's decision to terminate her employment.

19. The effects of the practices complained of in paragraphs 7-18 above have been to deprive Ms. Johnson of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

20. The unlawful employment practices complained of in paragraphs 7-18 above were intentional.

21. The unlawful employment practices complained of in paragraphs 7-18 above were carried out with malice and/or reckless indifference to the federally protected rights of Ms. Johnson.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers,

successors, assigns and all other persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of sex.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to make whole Ms. Johnson, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

D.  Order Defendant to make Ms. Johnson whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

E.  Order Defendant to make Ms. Johnson whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, anxiety, stress, depression and humiliation, in amounts to be determined at trial.

6

F.  Order Defendant to pay Ms. Johnson punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper.

H.  Award the Commission its costs in this action.

[Jury Trial Demand and signatures on following page]

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

3/11/2013
Date

Robert K. Dawkins
Regional Attorney
Georgia Bar No. 076206
robert.dawkins@eeoc.gov

Lakisha C. Duckett
Trial Attorney
Georgia Bar No. 231641
lakisha.duckett@eeoc.gov

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone: (404) 562-6818