IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>STELLAR MANAGEMENT GROUP III, INC., )<br>d/b/a QSI, )<br>)<br>Defendant. )<br>) | CIVIL ACTION NO.<br>5:13-CV-00087-HL |

## CONSENT DECREE

This action was instituted by the Equal Employment Opportunity Commission (the "EEOC" or the "Commission") against Defendant Stellar Management Group III, Inc. d/b/a QSI (the "Defendant") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* (hereinafter "Title VII"), and the Civil Rights Act of 1991, 42 U.S.C. § 1981(a), to remedy the alleged wrongful practices identified in the Complaint filed in this action. This Court has jurisdiction over the subject matter of this action and over the parties to this action.

The Commission alleged in the foregoing civil action that Defendant terminated Ms. Lakeasha Johnson ("Johnson") from her position as a Sanitation

1

Supervisor because of her sex in violation of Title VII. In its Complaint, the Commission sought make-whole relief including, but not limited to, back pay with interest, compensatory and punitive damages, and injunctive and other affirmative relief. Defendant denies that it terminated Ms. Johnson because of her gender.

The parties to this action desire to avoid the additional expense, delay, and uncertainty that would result from the continuance of this litigation, and desire to formulate a plan to be embodied in this Consent Decree that will promote and effectuate the purposes of Title VII. The parties want to conclude fully and finally all claims arising out of the charge of discrimination filed with the Commission by Ms. Johnson and the Commission's Complaint. They enter into this Consent Decree to further the objectives of Title VII and equal employment opportunity. This Consent Decree is not to be deemed or construed to be an admission of liability or wrongdoing by Defendant but constitutes the good faith settlement of a disputed claim.

This Court has reviewed the terms of the proposed Consent Decree in light of the pleadings and the applicable law and regulations, and has approved this Consent Decree, as revised, as one that will promote and effectuate the purposes of Title VII.

Now, therefore, this Court being fully advised in the premises, it is hereby ORDERED, ADJUDGED, AND DECREED:

**I.     DISCLAIMER OF VIOLATION**

It is understood and agreed that the negotiation, execution, and entry of this Consent Decree by the parties shall not constitute an adjudication or finding on the merits of this case, and shall not be construed as an admission by either party with respect to the claims asserted in this case.  Nothing in this Consent Decree shall be admissible in any other judicial or administrative proceeding for any purpose except to enforce the terms of this Consent Decree.

**II.     NOTICES TO BE POSTED**

Defendant shall keep posted at its Perry, Georgia facility the notice required to be posted pursuant to Title VII, and, for at least one (1) year immediately following the entry of this Consent Decree, shall also keep conspicuously posted a copy of the Notice attached to this Consent Decree at such facility. Within ten (10) days from the entry of this Consent Decree, Defendant shall instruct its management and supervisory personnel at its Perry, Georgia facility regarding the full meaning of the notice.  The posting required by this section shall be conspicuously made on bulletin boards or locations selected so that each employee at the Perry, Georgia facility may observe at least one such posting when at the facility.  Defendant shall certify the completion and locations of the posting and within ten (10) days from the entry of this Consent Decree.  All written certifications required by this Section shall be addressed to Robert Dawkins,

Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street, Suite 4R30, Atlanta, Georgia 30303.

Defendant shall not withhold the right of the Commission to enter upon Defendant's Perry, Georgia facility, with reasonable notice, to monitor compliance with this Section.  Should a posted Notice become defaced, marred, or otherwise unreadable, Defendant shall ensure that a new, readable copy of the Notice is immediately posted in the same manner as heretofore specified.

### III.  INSTRUCTION TO MANAGEMENT

Within ten (10) days from the entry of this Decree, Defendant shall certify, in writing, to the EEOC that all management and supervisory personnel who are currently employed at its Perry, Georgia facility have been instructed as to the terms of this Consent Decree (other than the monetary amount of the settlement), and the full meaning of the provisions of the Notice to be posted, and that Defendant has reaffirmed with these employees that employment decisions are not to be made on any basis that is prohibited by Title VII.  All written certification required by this Section shall be addressed to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

### IV.  TRAINING

During the term of this Consent Decree, Defendant shall hold one (1)

training session, the cost of which is to be borne by Defendant, to be attended by all managers and supervisors assigned to the Perry, Georgia plant facility on their rights and obligations arising under Title VII, including, but not limited to, Defendant's obligations under Title VII not to discriminate against any employee on the basis of his or her gender. The above referenced training session shall be completed within ninety (90) days of the entry of this Consent Decree.

Defendant shall provide written certification to the Commission of training completed pursuant to this Section within fifteen (15) days following completion of training. The certification shall include the name(s) and qualifications of the person(s) providing instruction, names and job titles of attendees, length of training, and the training topics. If written materials are utilized, the Commission shall be supplied with a copy of such materials.

All written notice and certification required by this Section of the Consent Decree shall be addressed and forwarded to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## V.     REPORTING REQUIREMENT

For the duration of this Consent Decree, Defendant shall certify in writing to the Regional Attorney whether any person employed at Defendant's Perry, Georgia facility has complained about gender discrimination. If an employee has

so complained, then the summary report shall include the following information:

(a)   The date of the complaint or report;

(b)   The name of the person making the complaint or report;

(c)   The name and title of the person against whom the complaint or report was made;

(d)   The nature of the complaint or report;

(e)   The name and title of Defendant's official to whom the complaint or report was made;

(f)   A description of how the complaint or report was resolved by Defendant, including any personnel action(s) taken by Defendant in response to the complaint or report.

The required report shall be addressed and forwarded to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## VI.   **RELIEF**

Defendant, in settlement of all alleged claims in this action, shall pay to Charging Party Lakeasha Johnson the sum of $15,000 less applicable statutory deductions within ten (10) days following the entry of this Consent Decree by the Court. Within five business days of making this payment, a copy of the check shall also be mailed to Robert Dawkins, Regional Attorney, in the EEOC Atlanta

District Office, at 100 Alabama Street, Suite 4R30, Atlanta Georgia 30303.

## VII. **DISPUTE RESOLUTION**

The Commission will attempt to resolve any dispute regarding the enforcement of this Consent Decree by informal mediation and consultation before seeking enforcement through the judicial process.  The Commission will notify Defendant in writing by certified mail to J. Scott McDearman, Esq. if it has any reason to believe that any action or omission by Defendant is in violation of the Consent Decree.  Defendant shall have thirty (30) days after the receipt of such notification to cure any such alleged deficiency, and to notify the Commission, by written report addressed to the Regional Attorney of the EEOC's Atlanta District Office, of the measures taken to cure the alleged deficiencies.

If upon receipt of Defendant's report the Commission concludes that the deficiency has not been satisfactorily cured by Defendant, the Commission shall seek to resolve the alleged deficiency through good faith conciliation or mediation. If the alleged deficiency is not resolved through good faith conciliation or mediation, the Commission may seek enforcement of this Consent Decree through the judicial process. Notwithstanding any of the foregoing, nothing in this agreement shall be deemed to prohibit any matter that occurred during the term of this Decree and which constitutes a dispute as contemplated by Section VII from being fully and completely processed in the manner described in Section VII.

## VIII. <u>**TERM OF DECREE AND PERIOD OF JURISDICTION**</u>

This Consent Decree shall continue to have effect and be binding upon the parties to this action immediately following the entry of the Decree. Upon the Court's execution and entry of this Consent Decree, this case shall be dismissed with prejudice. This Court will not retain jurisdiction over this action once the Consent Decree is entered.

## IX. <u>**OTHER ACTIONS**</u>

The Commission shall not commence or prosecute Defendant for any action or other proceeding based upon any claims, demands, causes of action, obligations, damages or liabilities that arose out of Lakeasha Johnson's claims that she was discharged by Defendant due to her gender in violation of Title VII, as embodied in EEOC Charge Number 410-2012-01400, which was filed with, and investigated by, the EEOC's Atlanta District Office.  This Consent Decree in no way affects the Commission's right to process any pending or future charges that may be filed against Defendant in accordance with standard Commission procedures, and to commence and prosecute civil actions pursuant to Title VII (or any other statutes enforced by the Commission) on any such charges.  Nothing in this Consent Decree shall be construed to limit or reduce Defendant's obligation to fully comply with Title VII or the regulations promulgated pursuant thereto.  Nothing herein shall preclude the Commission from bringing an action to enforce the provisions of

this Consent Decree.

## X.     COSTS AND ATTORNEYS FEES

The EEOC and Defendant shall each bear their own respective costs and attorneys' fees for this action.

The parties hereto and undersigned attorneys of record for the parties in the above-styled action hereby consent to the entry of the foregoing Consent Decree.

**BY CONSENT**:

Counsel for Plaintiff:

s/Robert K. Dawkins
Robert K. Dawkins, Esq.
Georgia Bar No: 076206
Lakisha C. Duckett, Esq.
Georgia Bar No. 231641

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION- Atlanta District Office
100 Alabama Street, SW, Suite 4R30
Atlanta, Georgia   30303
404-562-6818 phone
404-562-6905 fax

Counsel for Defendant:

s/J. Scott McDearman
J. Scott McDearman, Esq.
Tennessee Bar No. 12174

Grant Konvalinka & Harrison, P.C.
Ninth Floor, Republic Center
633 Chestnut Street
Chattanooga, TN 37450
423-756-8400 phone
423-756-6518 fax

SO ORDERED this the 21st day of March, 2014.

                                       *s/ Hugh Lawson*_____
                                       United States District Court Judge
                                       Middle District of Georgia

# **N O T I C E**

1. This notice to all employees of Stellar Management Group III, Inc. d/b/a QSI (the "Company") is being posted as part of the remedy agreed to between the Company and the Equal Employment Opportunity Commission, EEOC, in a consent decree filed in the United States District Court, Macon, Georgia.

2. Federal law requires, in general, that there be no discrimination against any employee or applicant for employment because of the person's race, color, religion, gender, pregnant condition, national origin, disability or age with respect to hiring, firing, compensation or other terms, conditions or privileges of employment.

3. Stellar Management Group III, Inc. d/b/a QSI supports and will comply with federal law in all respects and will not take any action against employees because of their gender, pregnant condition, race, color, religion, national origin, disability or age or because they have exercised their rights under the law.

4. Employees or job applicants are encouraged to report complaints of discriminatory treatment to the Company's Human Resources Department at any time. Individuals are also free to make complaints of employment discrimination to the EEOC at www.eeoc.gov or at 1-800-669-4000.

Signed this the _____ day of _____, 2014.

_____
On Behalf of Stellar Management Group III, Inc. d/b/a QSI